In the Matter of LOUIS FISCHER, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 10, 1944.

*S. C. Lewis* of counsel (*Einar Chrystie,* attorney), for petitioner.

*A. George Catalano* for respondent.

*Per Curiam.*  The respondent, as attorney for John Molinelli, entered a judgment on June 14, 1940, in favor of his client in the sum of thirty-three dollars against one Alfred A. Gibbons. Thereafter, the respondent received in payment of said judgment a check dated March 25, 1941, for thirty-four dollars and twelve cents drawn to the order of Louis Fischer, attorney, and John Molinelli.  Without the knowledge or consent of Molinelli, the respondent·indorsed upon that check the name of his client, deposited it in his personal account and applied the proceeds to his own use.  Mr. Molinelli was not informed of the collection of the judgment.  After several unsuccessful attempts to communicate with the respondent, Mr. Molinelli conducted an investigation which disclosed that the judgment had been paid.  Additional efforts to communicate with the respondent having failed, Mr. Molinelli complained to the Association of the Bar of ·the City of New York.

Shortly after such complaint had been made to the petitioner, the respondent gave one Thomas Lynch a postdated check for fifteen dollars and ten dollars in cash with the request to deliver same to Mr. Molinelli.  The latter refused to accept the postdated check and returned it and the ten dollars to the respondent. On September 18, 1941, a hearing of the charges was held before the Grievance Committee . of the petitioner.  The respondent defaulted at that hearing, but on or about October 4, 1941, he sent to the attorney for the petitioner a money order for twenty dollars to be paid to Mr. Molinelli.

In attempted explanation of his conduct, the respondent testified that, upon receiving the aforesaid check in settlement of Molinelli's judgment, he telephoned Molinelli to come down and indorse it.  He further testified that Molinelli instructed him to indorse the check and to turn over the proceeds to Mr. Lynch to whom Molinelli was indebted.  The respondent also testified that he and Mr. Lynch had a dispute about a marshal's fee of twenty-five dollars which the respondent had paid for Mr. Lynch's account a few weeks before he collected the Molinelli judgment, and that Mr. Lynch's nineteen-year-old son told him to apply the proceeds of the Molinelli judgment to the payment of the marshal's fee.

Molinelli denied that he ever authorized the respondent to indorse his name on the check.  Mr. Lynch and Molinelli denied that money was owed by Molinelli to Lynch.  In addition, Mr. Lynch denied that he was ever indebted to the respondent or that there had ever been any dispute over a marshal's fee. The son of Mr. Lynch, who respondent claims authorized

respondent to apply the proceeds of the Molinelli judgment to the payment of the marshal's fee, had enlisted in the United States Army and could not be called as a witness.

The Official Referee has branded as false the aforesaid testimony of the respondent. His conclusion, which is fully sustained by the record, is set forth in his report as follows:

## " Conclusion

" * * * I find the testimony of the respondent that his client authorized him to endorse his client's name to the check made payable to the joint order of the client and the respondent to be false. That the respondent endorsed his client's name without any authority, but did so to enable him to cash the check and convert the proceeds to his own use, which he did. I find nothing in the testimony of the respondent or in his brief to mitigate his misconduct in thus cashing the check and converting the proceeds and having failed to notify his client of the collection of the judgment and failing to pay to his client his share of the collection until months thereafter when the matter had been brought to the attention of the petitioner. The charge of professional misconduct has been fully established."

At the time the respondent received the check in payment of the Molinelli judgment and indorsed thereon, without authorization, the name of his client and then converted the proceeds of the check, he was under suspension from the practice of the law for a period of two years by virtue of an order of the Appellate Division, Second Department, dated March 3, 1941. The memorandum decision of the court in that proceeding is reported in 261 App. Div. 959, and reads as follows:

" Respondent was admitted to the bar January 19, 1920. On several prior occasions charges were made against him to this court, but there has been no final disposition with reference thereto. The present charges are: (1) Endeavoring to persuade the complainant against him from appearing before the Bar Association; (2) receiving a substantial retainer from a client to obtain a divorce for him and then commencing an action for divorce against the client's wife by the service of a summons upon her and having his client sign a complaint, without having received and without knowing any facts upon which to base such an action. The learned official referee, after a very patient hearing, has found respondent guilty of the second charge and recommends discipline by censure or suspension. The official referee reports that the first charge should be dismissed. The court confirms the report of the official referee, except as to

the suggestion of censure. This misconduct of respondent was serious and requires a suspension from the practice of the law, which the court fixes at the period of two years.   *   *   *."

The respondent, by his conduct, has demonstrated a woeful lack of professional ethics and should be disbarred.

MARTIN, P. J., TOWNLEY, GLENNON, COHN and CALLAHAN, JJ., concur.